## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Crim. Number: 2:09-cr-00484** |
| **v.** | **OPINION** |
| **DALMACIO TOLENTINO,** | **HON. WILLIAM J. MARTINI** |
| **Defendant.** | |

### MEMORANDUM OPINION

## I.  INTRODUCTION

Between January 11 and January 21, 2011, Dalmacio Tolentino was tried under a five-count superseding indictment. At the close of the Government's case, Defendant moved for acquittal under Federal Rule of Criminal Procedure 29, which was denied at trial. At the close of the case, the jury acquitted the Defendant in regard to Count III (18 U.S.C. § 2 – aiding and abetting the importation of cocaine, with regard to events on September 25, 2008). However, the jury returned a verdict of guilty in regard to the four remaining counts, including: Count I (21 U.S.C. § 963 – conspiracy to import cocaine), Count II (21 U.S.C. § 846 – conspiracy to possess with intent to distribute cocaine), Count IV (18 U.S.C. § 2 – aiding and abetting the importation of cocaine, with regard to events on October 9, 2008), and Count V (21 U.S.C. § 846 – attempt to possess with intent to distribute cocaine).

Defendant now moves to vacate the verdict and for a grant of a new trial under Fed. R. Crim. P. 33, and, in the alternative, to vacate the verdict and for the entry of a judgment of acquittal under Fed. R. Crim. P. 29. A hearing on this motion was held on April 18, 2011. For the reasons the Court explained at the hearing, and for the reasons explained below, Defendant's motion to vacate the verdict under Rules 29 and 33 will be **DENIED**.

## II.  STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29. Rule 29 provides that the district court, upon the motion of a defendant or upon its own motion, shall enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). If any rational trier of fact could have found proof of the defendant's guilt beyond a reasonable doubt based upon the evidence presented at trial, then the motion must be denied. *United States v. Smith*, 294 F.3d 473, 478 (3d Cir. 2002). In doing so, the district court must not "usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *United States v. Flores*, 454 F.3d 149, 154 (3d Cir. 2006). The burden lies on the movant to establish that the evidence presented by the Government during trial was insufficient to support a conviction. *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990).

Federal Rule of Criminal Procedure 33. Rule 33 provides that a district court, "[u]pon the defendant's motion . . . may vacate any judgment and grant a new trial if the interest of justice so requires." The Third Circuit has explained that a "district court can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003). "Unlike an insufficiency of evidence claim, the [district] [c]ourt does not evaluate the evidence in the light most favorable to the Government; rather, on a Rule 33 motion, the [district] [c]ourt exercises its own judgment in assessing the government's case." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002). *See also United States v. Lopez*, 576 F.2d 840, 845 n.1 (10th Cir. 1978) ("When considering a motion for a new trial under Federal Rule of Criminal Procedure 33 a trial judge considers the credibility of witnesses and weighs the evidence as a thirteenth juror.").

## III.   ANALYSIS

As the Court explained on the record at the close of the Government's evidence, when Defendant made his first Rule 29 motion, the Government's cases depended largely on the credibility of the confidential informant ("CI"). The CI's testimony, if it is to be believed, supported a conclusion that Defendant committed the elements of the crimes charged, and supported an inference that Defendant was not entrapped.

Rule 29. Defendant argues that the evidence was insufficient as a matter of law to support the verdict because the evidence demonstrates that Defendant was entrapped. At trial, Defendant received the standard Third Circuit entrapment instruction, which included:

> Thus, you may find the Defendant guilty of the offenses charged in the Superseding Indictment only if you find that, in addition to proving the elements of that offense, the Government also proved beyond a reasonable doubt either (1) that the government did not induce the commission of the offense; or (2) that the Defendant was predisposed, meaning that he was ready and willing to commit the offense before the government's confidential informant first spoke to him about the crime.

In regard to predisposition, Defendant argues that the evidence shows that in negotiating a transportation fee for the ecstasy pills, he first sought $1.00 per pill, but later was convinced to lower his price to 0.50 cents. Defendant argues that this shows a lack of knowledge and predisposition because, arguably, the initial price was well beyond the "market" price for the transportation of a controlled substance. The essential facts are not in dispute. What is in dispute is whether the inference – lack of knowledge – is the only reasonable inference that may be drawn from these facts. Other reasonable inferences were possible too. A jury may have concluded that the initial price, although arguably high, was an initial price from which to bargain. Likewise, the jury may have concluded that the Defendant lacked knowledge as to the price for illegal transportation services, but that he was predisposed to commit a crime, even if he was not the most well-informed criminal. Even the less than well-informed criminal is

subject to liability if he commits an offense. Similarly, according to the CI, the Defendant discussed with the CI and others pricing for transporting cocaine. Indeed, the CI testified that he left the Defendant "in charge of discussing" the price for transporting cocaine with Jose Arroyo (a/k/a Willy). Again, if the CI is to be believed, a rational trier of fact could conclude that Defendant was predisposed to commit the charged drug crimes.

In regard to inducement, the Defendant argues that it was only after more than a year of persistent contact until the CI started to record his (that is, the CI's) conversations with the Defendant, and that this passage of time without recorded conversations strongly indicates that the Defendant gave no indication that he was in the least interested in breaking the law. Still, even assuming repeated contacts by the CI over the course of a year, the Defendant points to no evidence illustrating that those contacts were intrusions or otherwise harassing. He points to no evidence showing that the CI did anything more than provide Defendant with an opportunity to commit a crime. *See United States v. El-Gawli*, 837 F.2d 142, 149 (3d Cir. 1988) (approving jury instruction: "[i]nducement by law enforcement officials may take many forms, including persuasion, fraudulent representation, threats, coercive tactics, harassment, promises of reward or pleas based on need, sympathy or friendship"); *cf. United States v. Andrews*, 765 F.2d 1491, 1499 (11th Cir. 1985) (defendant seeking to raise entrapment defense must demonstrate an element of persuasion or mild coercion); *United States v. Burkley*, 591 F.2d 903, 914 (D.C. Cir. 1978) (entrapment requires evidence of persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, pleas based on need, or other government conduct that would create the risk of causing an otherwise non-predisposed person to commit the offense). Defendant argues that the CI "offered [Defendant] $9,000 for doing nothing but drive to the airport on the day he was arrested. [The CI] promised many deals, much larger, in the future." (Doc. No. 111 at 3.) As to the purported future deals, Defendant points to no specific evidence. However, the Governments points to testimony by the CI stating that he did not offer Defendant "lots of money;" rather, the CI "offer[ed] [the Defendant] the business." (Doc. No. 112 at 6.)

At trial, Defendant argued for an entrapment instruction based on, among other things,

> We know, we know from . . . from the informant's own admissions that [the Defendant] was going to get $9,000 out of this cocaine deal, not because he was the guy that had the coke, not because he was the guy that had the connection and put it on the airplane, not because he had any connections to take it off of an airplane, not because he had any connections to sell it, not because he had the ability to finance it; simply because if the informant is believed, he made an introduction [between the CI and Arroyo] at some point. And so as a result from there on, he got $9,000 and was going to get a fifth of the transportation fee for anything that happened thereafter. This is an inducement that's being offered to this man for *basically doing nothing*.

Tr. 142:17-25 to 143:1-4, Jan. 19, 2011 (emphasis added). Defendant makes the same argument now in his Rule 29 motion seeking acquittal. However, "Basically doing nothing," as Defendant

characterizes his own actions, is not actually "doing nothing." The CI testified that he promised Defendant a share in the proceeds for drug transportation if Defendant could put him in touch with a cocaine supplier  with connections in the Dominican Republic. At that time, the Defendant was promised a "share" in the proceeds, not an express amount.

> Q. Did you tell him you'd give him money if he found somebody for you to do business with?

> A. I told him that I needed someone to place the drug in Santo Domingo, and that whatever we're going to make from the operation, we were going to share it.

Tr. 25:4-8, Jan. 19, 2011. Afterwards (again, if the CI is to be believed), the Defendant put the CI in touch with Arroyo, a drug dealer with connections in the Dominican Republic. Finally, the CI finalized his plans for importing the drugs and told Defendant that he would receive an equal share among the five persons going to the airport to take possession of the drugs. Tr. 65:18-19 (noting that the discussion was on October 1, 2008); Tr. 68:20-25 to 70:1-4 (promising a one-fifth share of $44,000 payment for transporting drugs). The jury could well have understood this to be not a new payment or a new deal for merely going to the airport, but just an effort to carry out the original deal, which was to give the Defendant an equal share with those participating in the drug importation conspiracy. In other words, if Defendant wanted his equal share, he would have to go to the airport with his co-conspirators. Because a rational trier of fact could find that the Defendant was not induced by the offer of $9,000, the verdict stands.

Rule 33. The Defendant's motion does not directly challenge the credibility of the CI.[1] Rather, it argues that the jury's failure to accept his entrapment defense is against the weight of the evidence. Over the objection of the Government, the Court determined that the Defendant was entitled to a jury instruction for entrapment based, in part, on Defendant's lack of a prior criminal record. As the Court stated at the time, it will be a question for the jury if the defense succeeds. Now the Court, as a thirteenth juror, is faced with essentially the same question the jury faced. *Lopez*, 576 F.2d at 845 n.1. As to predisposition, the audio tapes were not revelatory of a person who hesitated to discuss and plan drug crimes, even if he lacked expert knowledge. As to inducement, Defendant points to no evidence of harassment, or threats, or coercive tactics. The CI did promise Defendant a share in the

---

[1] Even if the credibility of the CI were in serious doubt, the evidence on the tapes, particularly Defendant's own statements,  were ample evidence supporting the Jury's verdict against a challenge under Rules 29 and 33. In other words, there was enough evidence on the tapes upon which a rational trier of fact could have concluded that Defendant was guilty of the substantive crimes charged and not entrapped. Furthermore, having heard this evidence, the Court is not persuaded that the Jury's verdict amounts to a serious danger of a miscarriage of justice.

proceeds from the crime. But if that were enough to qualify for inducement, then only criminals who act for non-monetary motives would face the risk of jail in such circumstances. That is not the law. The Court will deny the Rule 33 motion.

IV.   <u>**CONCLUSION**</u>

For all the reasons explained above, Defendant's motion to vacate the verdict under Federal Rules of Criminal Procedure 29 and 33 is **DENIED**.

s/ William J. Martini

**DATE: April 18, 2011**                    **William J. Martini, U.S.D.J.**